THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENSEY F. ROSS, Defendant-Appellant.

Third District   Nos. 3—92—0408, 3—93—0274 cons.

Opinion filed November 12, 1993.

Daniel Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Kensey F. Ross, was found guilty of first degree murder *and* second degree murder. Ross subsequently pleaded guilty to a severed charge of unlawful use of weapons by a felon. The trial court set aside the verdict of guilty of first degree murder and entered a judgment on the verdict of second degree murder. The court then sentenced Ross to an extended term of 30 years' imprisonment for second degree murder and a consecutive five-year term for unlawful use of weapons by a felon. Ross appeals.

We reverse and remand for a new trial. We conclude that the verdicts finding the defendant guilty of first degree murder *and* second degree murder were legally inconsistent because they involved mutually inconsistent mental states. The trial court should not have accepted both jury verdicts. Instead, the court should have instructed the jury to deliberate further and return a verdict on only one of the two charges.

The record reveals that Ross was charged with armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2) and three counts of first degree murder (Ill. Rev. Stat. 1991, ch. 38, pars. 9—1(a)(1), (a)(2), (a)(3)). Ross was charged with first degree murder based upon his intention to kill or do great bodily harm (intentional murder) (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)(1)), based upon his knowledge that his acts created a strong probability of death or great bodily harm (knowing murder) (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)(2)), and based upon his performing the acts which caused the death while attempting or committing a forcible felony (felony murder) (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)(3)).

The State presented evidence that on January 1, 1992, a confrontation occurred between Ross and Arlando Pitchford. Ross was attempting to rob Pitchford during the course of a drug deal when a struggle ensued. Ross then struck Pitchford in the head with a gun and proceeded to shoot Pitchford several times. Pitchford died as a result of his wounds.

Ross testified that he had gone to purchase some crack cocaine from Pitchford. He found Pitchford sitting on the steps of an apartment building with the drugs between his legs and a pistol in his right hand. After Ross purchased some crack cocaine from Pitchford, a loud and heated argument occurred concerning the amount of cocaine that had been sold. When Pitchford was distracted by an apartment door opening, Ross pulled out a gun and shot Pitchford. The two men struggled and Ross shot Pitchford several more times, killing him. Ross then fled, taking Pitchford's gun but not Pitchford's cocaine or money.

Following the presentation of evidence and closing arguments, the jury was instructed on armed robbery, felony murder, knowing murder, and intentional murder. With respect to the knowing and intentional murder charges, the jury was instructed on both first degree and second degree murder. The first degree murder instruction was premised on Ross' actions being without lawful justification (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)), while the second degree murder instruction was premised upon Ross having an unreasonable belief in the need for self-defense (Ill. Rev. Stat. 1991, ch. 38, par. 9—2(a)(2)).

The jury returned verdicts of not guilty with regard to armed robbery and felony murder. However, the jury also returned guilty verdicts on first degree knowing murder and second degree intentional murder. As soon as the verdicts were announced, the trial judge and the prosecutor discussed the inconsistency of the verdicts. The State urged the court to send the jury back to deliberate further and return a verdict on only one of the two charges. Unfortunately, the court decided not to follow the State's recommendation. Instead, the court accepted the verdicts, entered them into the record, and discharged the jury. The court stated that the inconsistency of the verdicts could be resolved in post-trial motions.

Ross then filed a post-trial motion seeking to set aside the first degree murder verdict because it was legally inconsistent with the second degree murder verdict. The State conceded that the verdicts were legally inconsistent. The State argued that both guilty verdicts should be set aside and Ross should be retried for first degree murder. The trial court agreed with Ross and entered judgment on the second degree murder verdict and not the first degree murder verdict. Ross was subsequently sentenced. He now appeals.

On appeal, Ross argues the trial court erred in entering judgment on the legally inconsistent verdicts of first degree and second degree murder. (See *People v. Hoffer* (1985), 106 Ill. 2d 186, 195, 478 N.E.2d 335, 340.) In response, the State argues Ross invited this error at the

post-trial motion hearing by asking the court to vacate the first degree murder verdict and enter judgment on the second degree murder verdict. The State concedes that in the absence of invited error *Hoffer* controls and the verdicts were legally inconsistent.

In *Hoffer*, the jury returned verdicts finding the defendant guilty of murder, voluntary manslaughter and involuntary manslaughter. (*Hoffer*, 106 Ill. 2d at 189, 478 N.E.2d at 337.) We note that section 9—2 of the Criminal Code of 1961 was amended in 1987 and gave the offense of voluntary manslaughter a new name, second degree murder. (Ill. Rev. Stat. 1991, ch. 38, par. 9—2; *People v. Russell* (1991), 215 Ill. App. 3d 8, 14, 574 N.E.2d 258, 261.) Thus, the offense of voluntary manslaughter discussed in *Hoffer* must be considered the same offense as the second degree murder offense involved in the instant case.

Our supreme court in *Hoffer* stated:

> "By finding the defendant guilty of murder ***, the jury specifically found that defendant did not believe his conduct was justified. At the same time, by finding him guilty of voluntary manslaughter, the jury determined that he did believe, although unreasonably, that his conduct was justified." (*Hoffer*, 106 Ill. 2d at 195, 478 N.E.2d at 340.)

The supreme court therefore concluded that the verdicts were legally and logically inconsistent. *Hoffer*, 106 Ill. 2d at 195, 478 N.E.2d at 340.

Based upon *Hoffer*, we agree with the parties that the verdicts here were legally inconsistent because they involved mutually inconsistent mental states. Consequently, both verdicts should not have been accepted by the court. Rather, the court should have instructed the jury to deliberate further and return a verdict on only one of the two charges. See *People v. Spears* (1986), 112 Ill. 2d 396, 410, 493 N.E.2d 1030, 1036; *People v. Almo* (1985), 108 Ill. 2d 54, 62-64, 483 N.E.2d 203, 207.

We also conclude that Ross did not invite the error. Here, the error occurred when the trial judge accepted the verdicts and discharged the jury. By the time of the post-trial motion hearing, the only cure for the error was to order a new trial.

Accordingly, we vacate Ross' conviction for second degree murder and remand this cause for a new trial on both the first degree and second degree murder charges. Because we are reversing and remanding for a new trial, we need not reach Ross' other contentions concerning the propriety of his sentences.

For the reasons indicated, the judgment of the circuit court of Peoria County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

SLATER and LYTTON, JJ., concur.